UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | | |
|---|---|---|
| KENNETH MOBLEY,<br><br>Plaintiff,<br><br>V.<br><br>FAYETTE COUNTY DETENTION CENTER, et al.,<br><br>Defendants. | ) | Civil No. 5: 20-432-HRW<br><br>**MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

Plaintiff Kenneth Mobley has filed a motion to amend his complaint. [D. E. No. 10] Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff is entitled to amend his pleading once as a matter of right if done within twenty-one days after a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(B); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). Because the defendants have not yet been served with process, Mobley is entitled to amend his complaint as a matter of right. His motion to do so will therefore be granted and his tendered amended complaint will be filed into the record.

Mobley's amended complaint is before the Court for initial screening. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). Mobley identifies three defendants in his new complaint: "Director Farmer," "Officer Jones," and the Fayette County

Detention Center. [D. E. No. 10 at 1] Mobley expressly disavows any desire to assert claims against officer Lemonds because "he no longer works here." *Id*. In any event, because an amended complaint supersedes the original and officer Lemonds is not named as a defendant in Mobley's amended complaint, the claims against Lemonds will be dismissed.

Mobley's amended complaint is handwritten, and like its predecessor can be hard to follow given the disparate array of topics he discusses. At bottom, however, Mobley contends at length that FCDC has not taken adequate steps to control the spread of COVID-19 at the facility, and he seeks release from custody. [D. E. No. 10-1] However, there are numerous problems with Mobley's submission which collectively warrant its dismissal.

First, Mobley's amended complaint is not completed on a court-approved form, a requirement of which he has been previously and repeatedly advised. Second, Mobley did not sign his amended complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure. Third, as with his original complaint, it is not clear if Mobley intended to sue FCDC as a defendant. Mobley has previously been advised that FCDC is not a suable entity, and his claims against it must be dismissed. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008). Fourth, Mobley identifies director Farmer and officer Jones as defendants, but he makes no allegations against either of them in the complaint. These claims must therefore be

dismissed for failure to state a viable claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Finally, the relief Mobley seeks – release from custody – may not be pursued or obtained through a civil rights action. *Wilkinson v. Dotson*, 544 U.S. 74 (2005) (noting that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead.") (citations omitted). Mobley's amended complaint will therefore be dismissed.

Because Mobley's amended complaint fails to state viable claims against any of the named defendants and seeks a form of relief unavailable through a civil rights action, the Court will dismiss his complaint. Should he choose to do so, Mobley may be able to assert claims related to the conditions of his confinement, but he must do so after fully and properly exhausting his administrative remedies, and file a complaint that names viable defendants, includes specific and non-conclusory allegations against the defendants, and seeks relief permissible in a civil rights action. Therefore, out of an abundance of caution the Court will dismiss this action without prejudice to Mobley's right to file a new civil action.

Accordingly, it is **ORDERED** as follows:

1. Mobley's motion to amend his complaint [D. E. No. 10] is **GRANTED**.

2. The Clerk of the Court shall **FILE** Mobley's tendered amended complaint [D. E. No. 10-1] into the record.

3. Mobley's amended complaint is **DISMISSED** without prejudice.

4. This action is **STRICKEN** from the docket.

This 5th day of November, 2020.

**Signed By:**
***Henry R Wilhoit Jr.***
**United States District Judge**